**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHANIEL JOHNSON,<br><br>         Petitioner,<br><br>    v.<br><br>JOHN N. KATAVICH,<br><br>         Respondent. | Case No. 1:14-cv-01674-BAM-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 11), DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY FILED (DOC. 1), DIRECTING THE ENTRY OF JUDGMENT FOR RESPONDENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on November 12, 2014, and on behalf of Respondent on December 18, 2014. Pending before the Court is the Respondent's motion to dismiss the petition as untimely filed. The motion was filed and served on

1

December 18, 2014.  Although the thirty-day period for filing opposition has passed, no opposition has been filed.

I. Proceeding by a Motion to Dismiss

Respondent has filed a motion to dismiss the petition on the ground that Petitioner filed his petition outside of the one-year limitation period provided for by 28 U.S.C. § 2244(d)(1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit Court of Appeals has allowed respondents to file motions to dismiss instead of answers pursuant to Rule 4 if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).  Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.

In this case, Respondent's motion to dismiss addresses the timeliness of the petition pursuant to 28 U.S.C. § 2244(d)(1).  The material facts pertinent to the motion are found in copies of the

official records of state judicial proceedings. There does not appear to be any genuine factual dispute with respect to the facts of record. Because Respondent has not filed a formal answer, and because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Habeas Rule 4.

II. Procedural Summary

Petitioner was convicted in the Kern County Superior Court (KCSC) of possession of heroin and cocaine base for sale with prior convictions and a prior prison term. On February 28, 2011, Petitioner was sentenced to twelve years in prison. On February 17, 2012, the Court of Appeal of the State of California, Fifth Appellate District (CCA) issued a reasoned decision in Petitioner's appeal in which it affirmed the judgment. People v. Nathaniel Edward Johnson, no. F062001, 2012 WL 539440, at *1-2 (Feb. 17, 2012).

A search of the official website of the California courts shows that Petitioner did not subsequently file in the California Supreme Court (CSC) a petition for review of the CCA's affirmance. However, he filed a petition for writ of habeas corpus in the California Supreme Court on May 30, 2014, which was denied on August 27, 2014.[1]

---

[1] The Court takes judicial notice of the docket as posted on the official website pursuant to Fed. R. Evid. 201(b). United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010). The address of the official website of the California state courts is www.courts.ca.gov.

There is no record of Petitioner's having filed any other petition or application in the CSC.

Petitioner constructively filed the petition in this action on October 22, 2014, the date on which Petitioner signed the proof of service by mail.[2] (Doc. 1, 25.)

III. <u>Untimeliness of the Petition</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

The AEDPA provides a one-year period of limitation in which a petitioner must file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

---

[2] Dates of filing are calculated pursuant to the "mailbox rule." Habeas Rule 3(d) provides that a paper filed by a prisoner is timely if deposited in the institution's internal mailing system on or before the last day for filing. The rule requires the inmate to use the custodial institution's system designed for legal mail; further, timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement setting forth the date of deposit and verifying prepayment of first-class postage. <u>Id.</u> Habeas Rule 3(d) reflects the "mailbox rule," initially developed in case law, pursuant to which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule applies to federal and state petitions alike. <u>Campbell v. Henry</u>, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th. Cir. 2003), and <u>Smith v. Ratelle</u>, 323 F.3d 813, 816 n.2 (9th Cir. 2003)). The mailbox rule, liberally applied, in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed. <u>Houston v. Lack</u>, 487 U.S. at 275-76; <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010); <u>Campbell v. Henry</u>, 614 F.3d 1056, 1058-59 (9th Cir. 2010); <u>Lewis v. Mitchell</u>, 173 F.Supp.2d 1057, 1058 n.1 (C.D.Cal. 2001). Here, Petitioner signed a proof of service in which he declared that he deposited the petition in the mail or with the correctional service on October 22, 2014. (Doc. 1, 25.)

4

>custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.   The Running of the Limitations Period

Under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the petitioner. Burton v. Stewart, 549 U.S. 147, 156-57 (2007). The last sentence was imposed on Petitioner on February 28, 2011.

Under § 2244(d)(1)(A), a judgment becomes final either upon the conclusion of direct review or the expiration of the time for seeking such review in the highest court from which review could be sought. Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either

1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion of denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999)).

Here, neither party has indicated that Petitioner sought certiorari from the United States Supreme Court. Indeed, it is undisputed that Petitioner did not even file a petition for review in the CSC. The last state court decision in the course of direct appeal, namely, the CCA's decision of February 28, 2012, was final pursuant to state law forty days later on or about April 9, 2012.[3] The Supreme Court has held that where a petitioner did not seek review by the state's highest court, the petitioner's judgment becomes final when the time for pursuing direct review in state court expires:

> We now make clear what we suggested in those cases: The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment

---

[3] Pursuant to Cal. Rules of Court, Rule 8.500(e), a petition for review "must be served and filed within 10 days after the Court of Appeal decision is final in that court." Pursuant to Cal. Rules of Court, Rule 8.366(b), a Court of Appeal's decision in a criminal appeal "is final in that court 30 days after filing."

6

> becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

Gonzalez v. Thaler, - U.S. -, 132 S.Ct. 641, 653-54 (2012).

Thus, Petitioner's judgment became final within the meaning of § 2244(d)(1)(A) on April 9, 2012, when the time for seeking review from the CSC expired.

The Court will apply Fed. R. Civ. P. 6(a) in calculating the pertinent time periods. See, Waldrip v. Hall, 548 F.3d 729, 735 n.2 (9th Cir. 2008), cert. denied, 130 S.Ct. 2415 (2010). Applying Fed. R. Civ. P. 6(a)(1)(A), the day of the triggering event is excluded from the calculation. Thus, the one-year limitations period commenced on April 10, 2012, the first day following the expiration of the time in which direct state review could have been sought. Further applying Rule 6(a)(1)(A), which requires counting every day, the one-year period concluded one year later on April 9, 2013.

Because Petitioner's federal petition was not filed until October 22, 2014, the petition was untimely unless the running of the statute was tolled or there is an applicable exception to the statute of limitations.

    B.   Statutory Tolling

        1.   Pendency of State Court Petition for Collateral Relief

Title 28 U.S.C. § 2244(d)(2) states that the "time during which

7

a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance'- i.e., 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002). In California, this generally means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge, as long as the petitioner did not "unreasonably delay" in seeking review. Id. at 221-23; accord, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval. Nino v. Galaza, 183 F.3d at 1006; see, Lawrence v. Florida, 549 U.S. 327, 330-33 (2007) (holding that the time period after a state court's denial of state post-conviction relief and while a petition for certiorari is pending in the United States Supreme Court is not tolled because no application for state post-conviction or other state collateral review is pending).

Here, the first state habeas petition was not filed until May 30, 2014, long after the expiration of the limitations period in

8

April 2013.  Thus, Petitioner's state court petitions did not toll the running of the statute pursuant to § 2244(d)(2).  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

In summary, the Court concludes that the petition was filed outside the one-year limitation period.  There is no basis for statutory tolling or any exception to the statute of limitations.  Accordingly, the petition will be dismissed.

IV.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the motion should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

V.   Disposition

In accordance with the foregoing, it is ORDERED that:

1) Respondent's motion to dismiss the petition is GRANTED; and

2) The petition for writ of habeas corpus is DISMISSED as untimely filed; and

3) Judgment be ENTERED for Respondent; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **February 13, 2015**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE